C 1/11

FILED
IN CLERK'S OFFICE
DISTRICT COURT E D N Y

★   NOV 15 2011   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
ANTONIO FERRI,

           Plaintiff,

-against-

JAN M. BERKOWITZ, EDWARD GRIECO,
EDWARD WILSON, and JMB GROUP, LLC.

           Defendants.

JAN M. BERKOWITZ and JMB GROUP,
LLC.,

           Third Party Plaintiffs,

-against-

MATTEO PATISSO, LIQUID BRICK, INC.,
and NATIONAL FRAUD CONSTABLE,

           Third Party Defendants.
------------------------------------------------------X

MEMORANDUM AND ORDER

CV 09-182
(Wexler, J.)

APPEARANCES:

    BRUCE H. KAPLAN, ESQ.
    Attorney for Plaintiff
    35 Pinelawn Road, S104E
    Melville, New York 11747

    LAW OFFICES OF BRUCE E. BALDINGER, LLC.
    BY: BRUCE BALDINGER, ESQ.
    Attorneys for Defendants Jan Berkowitz and JMB Group, LLC
    365 South Street, Morristown, NJ 07960

    Matteo Patisso
    Third Party Defendant, Pro Se
    57 A Hillwood Drive

1

Huntington Station, NY 11746

WEXLER, District Judge

## BACKGROUND AND PROCEDURAL HISTORY

This is an action that, as originally stated, set forth state law claims for fraud and breach of agreement as well as federal claims brought pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO"). This court dismissed all claims against Defendant Edward Wilson for lack of personal jurisdiction. In a Memorandum and Order dated August 25, 2009, this court dismissed all claims alleged pursuant to RICO, for failure to state a claim. A motion to reconsider that decision was similarly denied. A Memorandum and Order dated July 29, 2010, denied Plaintiff's motion to amend the complaint. On November 16, 2010, Plaintiff discontinued the action against Jan Berkowitz and JMB Group, LLC, the last remaining named Defendants. At that point in the proceedings, the only action remaining was the Third-Party Complaint asserted by Jan Berkowitz and JMB Group, LLC (collectively herein"Berkowitz") against Third-Party Defendants Mateo Patisso, Liquid Brick, Inc. and National Fraud Constable (collectively herein "Patisso").[1] Discovery proceeded.

In a Memorandum and Order dated May 10, 2011, this court considered and accepted, a Report and Recommendation ("R&R") of the assigned Magistrate Judge, Arlene R. Lindsay. The

---

[1] Patisso appears herein pro se. The attorney that represented all Third-Party Defendants was relieved in June of 2010, and no counsel was ever obtained to represent the corporate Third-Party Defendants. Accordingly, the only Third-Party Defendant able to continue to appear in this matter is the individual Matteo Patisso.

2

R&R recommended, and this court agreed, that the answer of Patisso be stricken, and that Berkowitz be given leave to thereafter apply for a judgment of default. The default of Patisso was noted by the Clerk of the Court on May 12, 2011. After that notation, this court directed counsel for Berkowitz to submit, for this court's consideration, an appropriate judgment of default. Counsel promptly submitted a proposed default judgment. That judgment left the calculation of damages to the court, but submitted documents seeking to justify an award of $10 million. The $10 million was argued to be justified by the loss of a prospective business opportunity as a result of Patisso's allegedly defamatory comments. The proposed judgment also seeks an injunction permanently enjoining Patisso from making any written, oral, defamatory, derogatory, denigrating or negative statements or comments regarding Berkowitz and/or his counsel.

Following entry of the proposed judgment, Patisso submitted a letter disputing the allegation that Berkowitz is entitled to a judgment in the amount of $10 million. Patisso also filed a series of motions seeking suspension, as well as a variety of civil and criminal sanctions against Berkowitz's attorney. Specifically, the motions filed by Patisso are:

(1)  a motion seeking copies of all sealed documents (docket 125);

(2)  a motion seeking to disqualify Berkowitz's counsel for a violation of the New York State Judiciary Law (docket 127);

(3)  a motion for an order to show cause as to why counsel for Berkowitz should not be held in criminal contempt and have an arrest warrant issued due to the unauthorized practice of law, (docket 129), and

(4)  a motion to dismiss the Third-Party Complaint as a violation of Rule 11 of the Federal Rules of Civil Procedure (docket 131).

3

Presently before the court are each of Patisso's motions, as well as the request for entry of a default judgment in the amount of $10 million, and for the injunctive relief as set forth above.

## DISPOSITION OF ALL OUTSTANDING MATTERS

The basis for Patisso's motions filed under docket numbers 127, 129 and 131 is the allegation that Berkowitz's attorney is prohibited from practicing before this court and should be somehow civilly and/or criminally sanctioned because he is acting in violation of New York State law governing the practice of attorneys in state courts. Patisso made the same argument, and sought the same relief he seeks here, in an action recently dismissed by another Judge of this court. See Patisso v. Law Offices of Bruce E. Baldinger, LLC, et. al, No. 11-CV-1996 (E.D.N.Y.) As held therein by Judge Seybert, the rules of practice for the State Courts of the State of New York, as set forth in the New York Judiciary Law, do not apply to the issue of whether an attorney may practice before this federal court. Counsel here is admitted to practice in the Eastern District of New York. There is no evidence of any improper behavior before this court requiring any action. Patisso's arguments seeking disqualification and other relief based upon the allegations of improper conduct and/or the alleged violation of the rules of State Court practice are rejected. Accordingly, the court denies the motions filed under docket numbers 127, 129 and 131.

The court turns now to the requested default judgment and holds that the relief requested must be denied. The request for a judgment of $10 million is rejected as too speculative. Berkowitz seeks this amount based upon the notion that a business deal involving the investment of $60,000, was somehow soured by Patisso's comments. Even if this were accepted as the sole reason why the described business deal was not consummated, the court does not accept the conclusory allegation that in the absence of Patisso's actions, Berkowitz, based upon a single

investment of $60,000 was sure to have earned $10 million. Because the amount sought and the issues of causation are far too speculative to allow for a default judgment in any particular amount, the court declines to enter any amount on the judgment. The court further declines to enter the requested injunctive relief. It matters not that the parties agreed to entry of similar injunctive relief in earlier proceedings before this court. That relief was pursuant to the parties' agreement and was not the result of any adjudication by this court. The injunctive requested in the proposed judgment, which seeks to enjoin Patisso's speech, is far too vague and broad to be justified or enforced.

In view of the fact that the court declines to enter either a money judgment or injunctive relief, the court denies Patisso's motion to review the sealed documents upon which this denied relief was sought. Therefore, the court also denies Patisso's motion filed as docket entry 125.

## CONCLUSION

For the foregoing reasons, the court orders only that the Clerk of the Court enter final judgment in the Third-Party Action (the only remaining action in this matter) against Third-Party Defendants and in favor of Third-Party Plaintiffs, but declines to order any monetary or injunctive relief. This disposes of docket entries 117 and 120. The court denies all motions of Third-Party Defendants as set forth in docket entries 125, 127, 129 and 131. This Memorandum and Order disposes of all outstanding issues, motions and parties in this matter. The Clerk of the Court is directed to enter judgment as set forth here in and to finally close the file in this case.

SO ORDERED.

/s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
November 15, 2011