UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
ANTONIO FERRI,

                       Plaintiff,

    -against-

JAN M. BERKOWITZ, EDWARD GRIECO,
EDWARD WILSON, and JMB GROUP, LLC.

                       Defendants.

JAN M. BERKOWITZ and JMB GROUP,
LLC.,

                       Third Party Plaintiffs,

    -against-

MATTEO PATISSO, LIQUID BRICK, INC.,
and NATIONAL FRAUD CONSTABLE,

                       Third Party Defendants.
----------------------------------------------------X

<u>MEMORANDUM AND ORDER</u>

CV 09-182
(Wexler, J.)



APPEARANCES:

    BRUCE H. KAPLAN, ESQ.
    Attorney for Plaintiff
    35 Pinelawn Road, S104E
    Melville, New York 11747

    LAW OFFICES OF BRUCE E. BALDINGER, LLC.
    BY: BRUCE BALDINGER, ESQ.
    Attorneys for Defendants Jan Berkowitz and JMB Group, LLC
    365 South Street, Morristown, NJ 07960

    Matteo Patisso
    Third Party Defendant, Pro Se
    57 A Hillwood Drive

Huntington Station, NY 11746

WEXLER, District Judge

## BACKGROUND AND PROCEDURAL HISTORY

This is an action that, as originally stated, set forth state law claims for fraud and breach of agreement as well as federal claims brought pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO"). This court dismissed all claims against Defendant Edward Wilson for lack of personal jurisdiction. In a Memorandum and Order dated August 25, 2009, this court dismissed all claims alleged pursuant to RICO for failure to state a claim. A motion to reconsider that decision was similarly denied. A Memorandum and Order dated July 29, 2010, denied Plaintiff's motion to amend the complaint. On November 16, 2010, Plaintiff discontinued the action against Jan Berkowitz and JMB Group, LLC, the last remaining named Defendants.

At that point in the proceedings, the only action remaining was the Third-Party Complaint asserted by Jan Berkowitz and JMB Group, LLC (collectively herein "Berkowitz") against Third-Party Defendants Mateo Patisso, Liquid Brick, Inc. and National Fraud Constable (collectively herein "Patisso").[1] Discovery was ordered to proceed.

In a Memorandum and Order dated May 10, 2011, this court considered and accepted, a Report and Recommendation ("R&R") of the assigned Magistrate Judge, Arlene R. Lindsay. The

---

[1] Patisso appears herein pro se. The attorney that represented all Third-Party Defendants was relieved in June of 2010, and no counsel was ever obtained to represent the corporate Third-Party Defendants. Accordingly, the only Third-Party Defendant able to continue to appear in this matter is the individual Matteo Patisso.

2

R&R detailed Patisso's repeated failures to comply with discovery orders issued in 2010. The Magistrate Judge's opinion also noted that despite the granting of extensions of time, Patisso continued to fail to comply with orders of discovery. The R&R therefore recommended, and this court agreed, that Patisso's answer be stricken, and that Berkowitz be given leave to thereafter apply for a judgment of default. The default of Patisso was noted by the Clerk of the Court on May 12, 2011. After that notation, this court directed counsel for Berkowitz to submit, for this court's consideration, an appropriate judgment of default.

In a Memorandum and Order dated November 15, 2011, this court considered Berkowitz's request for entry of a default judgment in the amount of $10 million, along with an injunction permanently enjoining Patisso from making any written, oral, defamatory, derogatory, denigrating or negative statements or comments regarding Berkowitz and/or his counsel. The court also considered a series of motions filed by Patisso seeking suspension, as well as a variety of civil and criminal sanctions, against Berkowitz's attorney. The court rejected the requested $10 million as too speculative, and declined to enter any dollar amount on the judgment. The court also declined to enter the requested injunctive relief as far too vague and broad to be justified or enforced. All of Patisso's motions were denied. The Clerk of the Court thereafter entered final judgment in the Third-Party Action against Patisso and in favor of Berkowitz, but declined to order any monetary or injunctive relief. The file in this case was thereafter closed.

On December 15, 2011, Berkowitz appealed this court's November 15, 2011 final judgment. The appeal, which is presently pending before the Court of Appeals for the Second Circuit, is addressed only to that part of the judgment denying the requested monetary and injunctive relief.

On February 22, 2013, several months after Berkowitz filed of the notice of appeal in this matter, Patisso moved for further discovery before this court. Specifically, Patisso sought to depose Berkowitz and other witnesses alleged to have knowledge of Berkowitz's "alleged unethical, unlawful or criminal conduct, and notice of fraud upon the court." On March 4, 2013, this court denied the request for discovery pending appeal. Presently before the court is Patisso's motion for reconsideration of the denial to take discovery pending appeal.

## DISPOSITION OF THE MOTION

Rule 27(b) allows a party to depose witnesses while a case is on appeal. Specifically, the Rule allows for a party to move to take depositions in order to perpetuate testimony for use in the event of post-appellate proceedings before the trial court. Fed. R. Civ. P. 27(b)(1). A motion seeking a Rule 27(b) deposition mush show: "(A) the name, address and expected substance of the testimony of each deponent; and (B) the reasons for perpetuating the testimony." Fed. R. Civ. P. 27(b)(2). The motion is properly granted if the court finds that "perpetuating the testimony may prevent a failure or delay of justice . . ." Fed. R. Civ. P. 27(b)(3).

A Rule 27 motion is properly granted if, <u>inter alia</u>, "testimony or evidence might be lost," and an immediate deposition is therefore necessary to preserve testimony for future use. <u>In re Yamaha Motor Corp., U.S.A.</u>, 251 F.R.D. 97, 98 (N.D.N.Y. 2008). The issue of whether to allow for the taking of depositions pending appeal is within the discretion of the trial court. <u>See</u> <u>Norex Petroleum Ltd. v. Access Industries, Inc.</u>, 620 F. Supp.2d 587, 591 (S.D.N.Y. 2009). That discretion is properly exercised only if the movant shows, as noted "a specific need to preserve the testimony, and that a loss of the testimony would result in a failure of justice." <u>Id.</u>, quoting, <u>United States v. Van Rossem</u>, 180 F.R.D. 245, 247 (W.D.N.Y.1998).

4

The court has reviewed Patisso's deposition requests and the opposition filed thereto, and denies the motion to take depositions pending appeal. Rule 27(b) does not create a general right to take discovery pending appeal. Instead, the rule allows for the taking of depositions to perpetuate testimony so as to "prevent a failure or delay of justice." No such circumstances are present here. Patisso shows no reason why the testimony sought must be perpetuated at this time. Indeed, he sought no such discovery until several months after the filing of the notice of appeal. In short, Patisso shows no reason why allowing the relief sought will prevent "a failure or delay of justice." Accordingly, the request to take depositions pending appeal is, again, denied.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
June 18, 2013