UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
ANTONIO FERRI,

                                             MEMORANDUM AND ORDER

                Plaintiff,                      CV 09-182
   -against-                                    (Wexler, J.)

JAN M. BERKOWITZ, EDWARD GRIECO,
EDWARD WILSON, and JMB GROUP, LLC.

                Defendants.

JAN M. BERKOWITZ and JMB GROUP,
LLC.,

                Third Party Plaintiffs,

   -against-

MATTEO PATISSO, LIQUID BRICK, INC.,
and NATIONAL FRAUD CONSTABLE,

                Third Party Defendants.
------------------------------------------------------X
APPEARANCES:

       BRUCE H. KAPLAN, ESQ.
       Attorney for Plaintiff
       35 Pinelawn Road, S104E
       Melville, New York 11747

       LAW OFFICES OF BRUCE E. BALDINGER, LLC.
       BY: BRUCE BALDINGER, ESQ.
       Attorneys for Defendants Jan Berkowitz and JMB Group, LLC
       365 South Street, Morristown, NJ 07960

       MATTEO PATISSO
       Third Party Defendant, Pro Se
       57 A Hillwood Drive

1

WEXLER, District Judge

This is an action that, as originally stated, set forth state law claims for fraud and breach of agreement as well as federal claims brought pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO"). This court dismissed all claims against Defendant Edward Wilson for lack of personal jurisdiction. In a Memorandum and Order dated August 25, 2009, this court dismissed all claims alleged pursuant to RICO, for failure to state a claim. A motion to reconsider that decision was similarly denied. A Memorandum and Order dated July 29, 2010, denied Plaintiff's motion to amend the complaint. On November 16, 2010, Plaintiff discontinued the action against Jan Berkowitz and JMB Group, LLC, the last remaining named Defendants.

At that point in the proceedings, the only action remaining was the Third-Party Complaint asserted by Jan Berkowitz and JMB Group, LLC (collectively herein "Berkowitz") against Third-Party Defendants Matteo Patisso, Liquid Brick, Inc. and National Fraud Constable (collectively herein "Patisso").[1] Discovery was ordered to proceed.

In a Memorandum and Order dated May 10, 2011, this Court considered and accepted, a Report and Recommendation ("R&R") of the assigned Magistrate Judge, Arlene R. Lindsay, which recommended, and this court agreed, that the answer of Patisso be stricken, and that Berkowitz be

---

[1] Patisso appears herein pro se. The attorney that represented all Third-Party Defendants was relieved in June of 2010, and no counsel was ever obtained to represent the corporate Third-Party Defendants. Accordingly, the only Third-Party Defendant able to continue to appear in this matter is the individual Matteo Patisso.

2

given leave to apply for a judgment of default.

In its Memorandum and Order dated November 15, 2011 (the "Order"), the Court denied Berkowitz' request for a default judgment in the amount of $10 million and injunctive relief. Various motions filed by Patisso at that time were also denied. Pursuant to the Order, the Clerk of the Court entered final judgment in the Third-Party Action against Patisso and in favor of Berkowitz, but denied monetary or injunctive relief. The case was thus closed. (Docket Entry "DE" 35)

On December 15, 2011, Berkowitz filed a Notice of Appeal in this case on the Court's November 15, 2011 order. DE 135. That appeal is still pending before the Court of Appeals for the Second Circuit.

Before this Court, Patisso has recently filed a motion to vacate (DE 147) and a motion for a writ for a permanent injunction against the State of New Jersey (DE 149). He also has filed three letters seeking pre-motion conferences to move: to disqualify the Law Office of Bruce E. Baldinger, LLC (DE 155), to create a constructive trust (DE 156), and to hold Bruce E. Baldinger in contempt. Finally, Patisso has filed a letter seeking a default against the State of New Jersey and that the Court enter a writ of permanent injunction. DE 161.

In view of the fact that this case is currently pending before the Court of the Appeals for the Second Circuit, the Court denies the motions at DE 147 and 149 for lack of jurisdiction. Similarly and for the same reason, the Court denies Patisso's requests for pre-motion conferences (DE 155, 156 & 157), and his request for a default against the State of New Jersey and that a writ for a permanent injunction be issued. DE 161. Until the Second Circuit issues a mandate returning the case, this Court lacks jurisdiction to hear Patisso's motion and requests. Doe v. Gonzalez, 449

3

F.3d 415, 420 (2d Cir. 2006) (the district court cannot entertain a motion until the Court of Appeals issues a mandate returning the case to the district court) (citations omitted).

SO ORDERED.

/s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
January 21, 2014