UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANTONIO FERRI,

                Plaintiff,

-against-

JAN M. BERKOWITZ, EDWARD GRIECO,
EDWARD WILSON, and JMB GROUP, LLC.

                Defendants.
----------------------------------------------------------X
JAN M. BERKOWITZ and JMB GROUP,
LLC.,

                Third Party Plaintiffs,

-against-

MATTEO PATISSO, LIQUID BRICK, INC.,
and NATIONAL FRAUD CONSTABLE,

                Third Party Defendants.
----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 09-182

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV -5 2015 ★

LONG ISLAND OFFICE

WEXLER, District Judge

    Before the Court are various motions of third-party defendant Matteo Patisso ("Patisso"), and a motion of third party plaintiffs Jan M. Berkowitz and JMB Group, LLC (collectively herein ("Berkowitz") for costs and a permanent injunction restraining Patisso from making defamatory statements. As discussed below, all of Patisso's motions are denied, and Berkowitz' motion is denied in part and granted in part.

## BACKGROUND

    For the purposes of discussing the issues raised here, a brief background of this action is

1

as follows: This action stems from a real estate deal and loans made in connection therewith, and originally stated claims for fraud, breach of agreement and under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO"). Through the course of the proceedings and motions, as of November 16, 2010, all the claims were dismissed or discontinued, leaving as the only remaining claims the third party complaint asserted by Jan Berkowitz and JMB Group, LLC against third party defendants Matteo Patisso, Liquid Brick, Inc. and National Fraud Constable[1] for, *inter alia*, defamation.[2]

Discovery was ordered to proceed, and after various discovery lapses, in a Memorandum and Order dated May 10, 2011, this Court considered and accepted a report and recommendation of the assigned Magistrate Judge, Arlene R. Lindsay, that the answer of Patisso be stricken, and that Berkowitz be given leave to apply for a judgment of default.

Then, by Memorandum and Order dated November 15, 2011 (the "Order"), the Court granted Berkowitz' request for a default judgment, but denied the requested judgment in the amount of $10 million and injunctive relief. Various motions filed by Patisso at that time, some similar in nature to the motions here, were also denied. Pursuant to the Order, the Clerk of the Court entered final judgment in the third party action against Patisso and in favor of Berkowitz, but denied monetary or injunctive relief. The case was thus closed. See Docket Entry ("DE") 35.

---

[1] In June 2010, counsel for all third party defendants was relieved and no other counsel appeared for the corporate entities. Patisso has continued in the action pro se.

[2] At one point in the proceedings, Patisso and Berkowitz entered into a Consent Order for Preliminary and Permanent Injunctive Relief ("Consent Order") by which Patisso agreed to not make any defamatory statements to any person or entity regarding any of the Defendants, including Berkowitz, pertaining to their personal or business finances, or alleged fraudulent practices or alleged criminal activity. See DE 25, dated May 5, 2009.

Third party plaintiff appealed the Order, and by summary order, the Second Circuit affirmed entry of judgment on default in favor of third party plaintiff Berkowitz against third party defendant Patisso, but reversed and remanded, directing this Court to conduct an inquest on the amount of damages. See Ferri v. Berkowitz, No. 11-5240, Second Circuit Mandate dated April 3, 2014, reflected at DE 163, at 4. The Second Circuit also affirmed this Court's denial of injunctive relief seeking to restrain Patisso from making defamatory statements, stating that "[t]he district court reasonably concluded that [the proposed injunction] was over-broad and vague." Id., at 5.

## DISCUSSION

### I. Motions by Third-Party Defendant Matteo Patisso

Currently before the Court are five motions by Patisso: a motion to vacate a previous order and void a stipulation of dismissal (DE 147); a motion for a writ for a permanent injunction against the State of New Jersey (DE 149); a motion to disqualify the Law Office of Bruce E. Baldinger, LLC ("Baldinger"), Berkowitz's attorney in this action (DE 155); a motion to place "New Lead JMEG, LLC" in a constructive trust (DE 156); and a motion to hold Baldinger in contempt (DE 157). Each motion shall be addressed separately.

#### 1. Motion to Vacate/Void Dismissal of Claims by Plaintiff - DE 147

Patisso moves pursuant to Rules 46 and 60(b) to vacate a stipulation of discontinuance filed on November 10, 2010 at DE 103, and "so ordered" by this Court on November 17, 2010, at DE 104. The stipulation discontinued the primary action, specifically excluding the third party complaint which was to proceed, which it did, as described above. The stipulation was signed by the attorneys of record for the parties affected -- the plaintiff and the defendants in the primary

3

complaint, and was followed by a Mutual General Release Agreement signed by those parties.

Patisso seeks to void or vacate the dismissal resulting from the stipulation, arguing that, *inter alia,* it was done without his authority and that he did not have an opportunity to be heard. The Court notes that the settlement that resulted in the stipulation was between the primary plaintiff and the defendants -- NOT Patisso. Indeed, the stipulation specifically permitted the claims involving Patisso to proceed. Patisso's argument that he was "not heard" on a stipulation agreed by other parties and signed by their counsel terminating their claims, is irrelevant and misplaced. Patisso also fails to adequately explain his delay in making this Rule 60(b) motion to vacate a stipulation of dismissal that was filed in 2010. The Court finds Patisso's arguments to be without merit and denies the motion at DE 147.

2. Motion for a Writ for a Permanent Injunction Against the State of New Jersey - DE 149

Patisso also moves for a writ of permanent injunction against the State of New Jersey pursuant to 28 U.S.C. § 2283. § 2283 states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

A New Jersey court has directed that Patisso have "no contact" with Berkowitz' attorney, Baldinger, who practices in New Jersey. The New Jersey court subsequently modified the order to permit Patisso to contact Baldinger as necessary to participate in this litigation. While Patisso's argument is unclear, it appears that he is arguing that any prosecution of him by the State of New Jersey, should be enjoined as necessary to "protect or effectuate" this Court's judgments. Presumably, Patisso is arguing that these prosecutorial acts by New Jersey undermine this Court's Order granting the default judgment against Patisso, but declining to grant Berkowitz injunctive

4

relief (DE 135).

The Court is not persuaded by Patisso's arguments and sees no way in which New Jersey's choice to prosecute Patisso disrespects or undermines this Court's orders. Patisso fails to explain or provide any reasoning for why this Court must issue an injunction against the State of New Jersey as "necessary" to aid its jurisdiction, or to "protect or effectuate" its judgments pursuant to 28 U.S.C. § 2283. Patisso's motion at DE 149 is denied.

3. Motion to Disqualify the Law Office of Bruce E. Baldinger, LLC - DE 155

Patisso has previously moved to have Baldinger disqualified and held in contempt, which was rejected by this Court's Order of November 15, 2011. See DE 135. In the present motion, Patisso seeks to disqualify Baldinger from representing Berkowitz, and in support, cites various other proceedings in the State of New Jersey that are occurring amongst these parties. Patisso argues that Baldinger is conflicted here because of those other proceedings, yet provides no adequate explanation of the nature of a conflict, or how it impairs Baldinger from continuing to represent Berkowitz in this action. Patisso's motion at DE 155 is denied.

4. Motion to Place "New Lead JMEG, LLC" in a Constructive Trust - DE 156

Patisso also moves to have a business entity allegedly connected to Berkowitz, "New Lead JMEG, LLC," placed in a constructive trust. Patisso argues this is warranted because it "is just the latest evolution of a long string of 'shell' or 'affront' entities" used by Berkowitz to defraud investors. DE 156, at 3. Patisso's argument is misplaced. First, the only remaining claim in this case is Berkowitz's default against Patisso; Patisso does not have any claims in this action against Berkowitz, nor does he have a claim to his assets. Furthermore, his claim that this entity is an example of Berkowitz' fraud, even if true, is irrelevant to any issues here. There is no basis to

place this entity in a constructive trust, and Patisso's motion at DE 156 is denied.

5. Motion to Hold Baldinger in Contempt - DE 157

Patisso also moves that Baldinger be held in contempt for bringing the third party action seeking damages that exceed the demand of the complaint. Patisso also claims Baldinger failed to inform this Court of other subsequently filed actions between these or related parties in other states (i.e., New Jersey) and/or other federal courts. As this Court has previously stated in connection with Patisso's earlier motions against Baldinger, "[t]here is no evidence of any improper behavior before this court requiring any action." DE 135, Order, at 4. This continues to be the case. The Court finds that the conduct alleged here does not substantiate a finding of contempt and denies Patisso's motion at DE 157.

II. Motion by Third Party Plaintiff Berkowitz

Berkowitz moves for costs and for a permanent injunction against Patisso. The Court permitted Berkowitz to make this motion at the inquest held following the remand from the Second Circuit, at which time Berkowitz withdrew his request for an inquest. See DE 210.

A. Costs

Magistrate Judge Lindsay of this Court previously awarded costs to Berkowitz against Patisso in the amount of $300.00 as "reasonable costs, including attorney's fees" for Patisso's failure to adequately respond to discovery demands. See DE 88, at 2. Berkowitz moves that this award be reflected in the judgment, which the Court hereby grants.

B. Injunctive Relief

Third party plaintiff Berkowitz also moves this Court for injunctive relief to enjoin Patisso's speech, which Berkowitz argues is defamatory, persistent and damaging, both

6

professionally and personally. As noted above, Berkowitz' previous attempt to have this Court enjoin Patisso was denied, the Court finding that the language requested was "far too vague and broad to be justified or enforced." See Memorandum and Order, DE 135, at 5. The Second Circuit affirmed, noting that while "unprotected speech, like defamation, may be enjoined in extraordinary circumstances," it found that "[t]he district court reasonably concluded that [the proposed injunction] was over-broad and vague." id., at 5, and invited this Court "to craft a narrow injunction applying only to [Patisso's] unprotected speech, should the court chose." See Mandate at 4, n. 3.

As noted above, on May 5, 2009, Patisso and Berkowitz entered into a Consent Order by which Patisso agreed to not make any defamatory statements to any person or entity regarding any of the Defendants, including Berkowitz, pertaining to their personal or business finances, or alleged fraudulent practices or alleged criminal activity. See DE 25.

In support of the present motion, Berkowitz describes Patisso's allegedly defamatory behavior conducted through emails and internet postings, many of which pre-date the Consent Order. The Court is nevertheless disturbed that some of this behavior allegedly occurred after the Consent Order, and is particularly bothered by the Berkowitz' claim that he believes Patisso went so far in his campaign to malign Berkowitz that he made a report to the County of Dare Department of Social Service in North Carolina that Berkowitz' children were in danger, that he had killed his dog, and committed fraud. That investigation concluded that no further action was warranted. See Declaration of Jan M. Berkowitz ("Berkowitz Dec."), ¶ 38, Exhibit ("Ex.") AA. The Court also notes that Patisso is the subject of a criminal proceeding in New Jersey, which precludes him from contacting Berkowitz' attorney in this matter, Bruce Baldinger. See

Berkowitz Dec., at ¶ 40, Ex. BB.[3]

Berkowitz' proposed order permanently enjoins Patisso from "making any non-privileged defamatory statements" concerning Jan Berkowitz, or his business entities or family members, or contacting or communicating with them in any way.

In light of the Consent Order already agreed by the parties, the Court finds additional injunctive relief unnecessary.[4] Therefore, Berkowitz' motion for injunctive relief is denied. The Court reminds the parties however, particularly Patisso, that they continue to be bound by the Consent Order they agreed to, which will be enforced this Court, through contempt proceedings or any other appropriate remedy. Berkowitz' motion at DE 214 is granted as to costs, and denied as to the injunctive relief requested.

## CONCLUSION

The motions of Third Party Defendant Patisso at docket entries 147, 149, 155, 156 and 157 are denied, and the Clerk of the Court is directed to terminate those motions. The motion of third party plaintiff Berkowitz at DE 214 is granted in part and denied in part. Berkowitz' motion for costs is granted, in the amount of $300.00; and motion for injunctive relief is denied. The Clerk is directed to enter judgment in favor of third party plaintiff Berkowitz and against

---

[3] To prevent any potential damage to Berkowitz, the Court has granted Berkowitz' request that his declaration and the attached exhibits, which detail the allegedly defamatory statements by Patisso, be sealed. See Application for Leave to File Document Under Seal, granted November 5, 2015. Those papers were served in full on Patisso. See DE 214.

[4] The Court disagrees with Patisso's claim that this Court's decision of November 15, 2011, DE 135, which denied injunctive relief, makes the Consent Order "moot" or "overrules" the Consent Order. While the Order distinguished an agreement amongst the parties from a court's adjudication of injunctive relief, it did not vacate the Consent Order, nor have the parties indicated that there was any subsequent agreement to vacate the Consent Order.

third party defendant Patisso in the amount of $300.00. This matter is concluded and the Clerk of the Court is directed to close this case.

SO ORDERED.

                                                  LEONARD D. WEXLER
                                                  UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       November 5, 2015