UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANTONIO FERRI,

                Plaintiff,

-against-

JAN M. BERKOWITZ, EDWARD GRIECO,
EDWARD WILSON, and JMB GROUP, LLC.

                Defendants.

JAN M. BERKOWITZ and JMB GROUP,
LLC.,

                Third Party Plaintiffs,

-against-

MATTEO PATISSO, LIQUID BRICK, INC.,
and NATIONAL FRAUD CONSTABLE,

                Third Party Defendants.
----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 09-182

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV -5 2015 ★

LONG ISLAND OFFICE

WEXLER, District Judge

      Before the Court at docket entry 215 is a letter of Third Party Defendant Matteo Patisso ("Patisso") seeking permission to move for contempt against Brian Kenny and others of the Morris County Prosecutor's Office for violating this Court's "sealing" order of April 20, 2009 (the "Order"). Docket entry ("DE"), 20. That order was entered to permit Defendants/Third Party Plaintiffs to file, under seal, papers in support of their Order to Show Cause seeking Temporary Restraints. See DE 20, at 1. Ultimately, that Order to Show Cause was resolved by the parties' agreement to enter into consent orders for preliminary and permanent injunctive relief. See DE 22 and 25. A much later application by Mr. Patisso to file documents under seal

1

was denied. See DE 148. On January 20, 2015, during a default inquest on this case, a proceeding unrelated to the Order, at the request of Mr. Patisso and without specific reference to the documents at issue, this Court permitted the Order to continue. See DE 210.

Now, Mr. Patisso seeks permission to move to use this Order, that was entered over five years ago to permit other parties in this case to file documents under seal, as the basis to hold a New Jersey prosecutor, who is not a party to this case, in contempt. Mr. Patisso's request to move for contempt is denied. Further, in that the "sealing" Order applied to a motion resolved years ago through consent orders, the Court finds the Order moot. Any future requests to file a document under seal, or to continue the sealing of a particular document already filed under seal, shall require specific Court approval in accordance with the Court's rules.

SO ORDERED.

                                             LEONARD D. WEXLER
                                             UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       November 6, 2015